16 F.3d 422
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Alton B. HORNBACK, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-1462.
 United States Court of Appeals, Federal Circuit.
 Dec. 22, 1993.
Rehearing Denied Jan. 25, 1994.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Mr. Hornback appeals from an order of the United States District Court for the Southern District of California, entered October 2, 1992, in Civil Action No. 89-1914-R-(M), which dismissed his complaint and granted summary judgment in favor of the United States. On December 18, 1992, the district court denied Hornback's motion for reconsideration of the order granting summary judgment (Civil Action No. 89-1914-R(P)).
 
 
 2
 In April, 1986, the United States Patent and Trademark Office (PTO) received a patent application for a missile guidance system designed by Hornback. At the request of the Air Force, the PTO issued a secrecy order on Hornback's patent application on August 24, 1987. The secrecy order is still in effect and prohibits the publication or disclosure of the subject matter of the application to any person, except those specifically authorized in the order or those having the requisite clearances on a need-to-know basis.
 
 
 3
 In August, 1987, Hornback submitted a claim to the Air Force under 35 U.S.C. Sec. 183, for damages allegedly caused by the secrecy order. The claim was denied on September 29, 1988.
 
 
 4
 Hornback then filed his complaint in the district court under 35 U.S.C. Sec. 183 for use of the invention and also for damages caused by the secrecy order. Under a stipulation which was incorporated in the court's order, Hornback formally elected not to pursue his claim for use of his invention by the United States for as long as the secrecy order imposed on his pending patent application remains in effect. As a result, the parties agreed that the action in the district court would proceed solely on Hornback's claim for damages allegedly caused by the secrecy order.
 
 
 5
 The district court held: (1) Mr. Hornback failed to present a genuine issue of fact regarding the damages claimed by him, and (2) his Fifth Amendment taking argument is inappropriate, because 35 U.S.C. Sec. 183 provides the exclusive remedy to inventor-owners for damages claimed as the result of a secrecy order imposed by the government.
 
 
 6
 After a careful review of the record in this case, we affirm the decision of the district court on the basis of the district court's order of October 2, 1992.