91 F.3d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alton HORNBACK, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-56435.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alton Hornback appeals pro se the district court's dismissal of his action against the United States for lack of subject matter jurisdiction. Hornback alleged that the Radome error compensator, which he invented while employed by McDonnell Douglas Astronautics, was subject to a taking requiring compensation under the Fifth Amendment when the Department of the Air Force classified his invention as secret and the Patents and Trademark Office imposed a secrecy order on his patent application. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Hornback contends that the district court erred in determining that it lacked jurisdiction over Hornback's action under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), because Hornback is seeking just compensation and not money damages exceeding the statutory maximum of $10,000. Hornback further contends that the district court erred in not transferring his action to the United States Court of Federal Claims pursuant to 28 U.S.C. § 1631 because the six-year statute of limitations, 28 U.S.C. § 2501, had not yet run. These contentions lack merit.
 
 
 4
 We review de novo the district court's conclusion that it lacks subject matter jurisdiction. Seven Resorts, Inc. v. Cantlen, 57 F.3d 771, 772 (9th Cir.1995). The district court's refusal to transfer an action under 28 U.S.C. § 1631 is reviewed for abuse of discretion. Hays v. Postmaster Gen. of the United States, 868 F.2d 328, 331 (9th Cir.1989) (per curiam).
 
 
 5
 First, it is a basic proposition that the United States is immune from suit unless it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). The Little Tucker Act, 28 U.S.C. § 1346(a)(2), provides a waiver of sovereign immunity, granting to the district court concurrent jurisdiction with the Court of Federal Claims, only as to those claims not exceeding $10,000. See 28 U.S.C. § 1491.
 
 
 6
 Here, Hornback initially sought $15,000,000 in just compensation. After the district court notified Hornback of his complaint's deficiencies and allowed him an opportunity to amend to state a basis for subject matter jurisdiction, Hornback filed his first amended complaint, which waived any damages over $10,000, but still sought $15,000,000 in just compensation. The court looks to the amount of monetary relief sought to determine whether jurisdiction is limited to the Court of Federal Claims. See McKeel v. Islamic Republic of Iran, 722 F.2d 582, 590 (9th Cir.1983), cert. denied, 469 U.S. 880 (1984). Because Hornback is seeking more than $10,000 in monetary relief, the district court lacked jurisdiction. See 28 U.S.C. § 1346(a)(2); McKeel, 722 F.2d at 590.
 
 
 7
 Second, claims over which the Court of Federal Claims has jurisdiction must be filed within six years after the claim accrues. See 28 U.S.C. § 2501. Here, Hornback's claims accrued no later than April 1987, when the Air Force notified him by letter that his invention had been classified as secret. Hornback's contention that his claim accrued much later, when he learned that a "taking" was required to classify his invention as secret is without merit. A cause of action accrues, not when a plaintiff was or should have been aware of potential legal theories, but when a plaintiff was or should have been aware of events giving rise to a cause of action. See Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1414, 1416 (9th Cir.1987).
 
 
 8
 Hornback has not demonstrated any fraudulent concealment on the part of the government which would equitably toll the statute of limitations. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). Because Hornback did not file his complaint until July 15, 1994, more than seven years after the accrual of his cause of action, his claims were time-barred. See 28 U.S.C. § 2501. Accordingly, the district court did not abuse its discretion in refusing to transfer Hornback's action to the Court of Federal Claims. See Hays, 868 F.2d at 331.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3