**Alton B. HORNBACK, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 96–121C.

United States Court of Federal Claims.

Oct. 4, 1996.

Alton B. Hornback, San Diego, California, pro se.

Edward H. Rice, with whom were Frank W. Hunger, Assistant Attorney General, and Vito J. DiPietro, Director, Washington, DC, for defendant. Thomas J. Byrnes, of counsel.

### ORDER

ANDEWELT, Judge.

#### I.

In this action, plaintiff, Alton B. Hornback, appearing *pro se*, seeks $10 million in actual damages plus an unspecified amount in punitive damages based on certain allegedly improper actions by the government with respect to a patent application filed by plaintiff. The patent application covers a "Real Time Boresight Error Slope Sensor" designed to improve the cost/effectiveness of missiles. On April 16, 1987, the United States Air Force classified the subject matter of plaintiff's patent application at the level of "SECRET" pursuant to Exec. Order No. 12,356, 47 Fed.Reg. 14,874 (1982) (hereinafter E.O. 12,356). On August 24, 1987, at the request of the Air Force, the Patent and Trademark Office imposed a secrecy order on the patent application pursuant to 35 U.S.C. § 181. The effect of the "SECRET" classification was to restrict disclosure of the invention and similarly, the effect of the secrecy order was to require plaintiff to keep the invention secret so as to avoid, *inter alia*, fine and imprisonment.

The instant complaint seeks damages based on two alternative alleged violations of the law by defendant. The first violation relates to the Air Force's classification of plaintiff's invention as "SECRET" under E.O. 12,356. Pursuant to Section 6.1(6) of E.O. 12,356, the government may so classify information only if the information or material is "owned by, provided by or for, or is under the control of the United States Government." According to plaintiff, the government originally did not have any such relationship with plaintiff's invention and hence, in order to classify the invention as "SECRET," the government necessarily must have "taken" some sort of proprietary interest in the invention, which plaintiff labels a "mandatory taking." Plaintiff, however, does not base this claim for damages on the allegation that the government engaged in a taking of private property in violation of the Fifth Amendment. (Plaintiff did present such a Fifth Amendment takings claim in a prior suit against the government in district court but plaintiff did not prevail.) *Hornback v. United States*, No. 89–1914–R(M), slip op. at 7 (S.D.Cal. Oct. 2, 1992) (*Hornback I*). Plaintiff instead bases this claim on the contention that the government's expert witness in plaintiff's prior litigation had committed perjury and concealed evidence regarding the alleged taking.

The second and alternative alleged violation of law upon which plaintiff bases his demand for $10 million is that the secrecy order of August 24, 1987, was issued improperly and is invalid. This action is before the court on defendant's motion to dismiss and for sanctions and on plaintiff's cross-motion for summary judgment. For the reasons set forth below, defendant's motion to dismiss is granted and defendant's motion for sanctions and plaintiff's cross-motion for summary judgment are each denied.

## II.

The United States, as sovereign, is immune from suit except to the extent it consents to be sued, and such consent "cannot be implied but must be unequivocally expressed." *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969)). With respect to monetary suits brought under the Tucker Act, 28 U.S.C. § 1491, against the United States based on an alleged violation of a constitutional provision, statute, or regulation, the United States has waived sovereign immunity only when the constitutional provision, statute, or regulation "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Id.* at 400, 96 S.Ct. at 954 (quoting *Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009 (1967)). Plaintiff has not cited any constitutional provision, statute, or regulation that mandates compensation for the alleged perjury or concealment of evidence by a government agent. Sanctions for perjury are set forth in 18 U.S.C. § 1621 and do not mandate any monetary compensation to the party against whom the perjury was aimed. Fraudulent concealment involves tortious behavior and this court's jurisdiction under the Tucker Act encompasses claims "not sounding in tort." 28 U.S.C. § 1491(a)(1). Hence, assuming for purposes of argument that the alleged perjury and concealment occurred, this court would not possess jurisdiction to entertain plaintiff's claim for $10 million based thereon.

## III.

Plaintiff argues in the alternative that if the government did not "take" a proprietary interest in plaintiff's invention prior to classifying the invention as "SECRET," then the classification necessarily was improper and it would follow that the secrecy order, which was based exclusively on this improper classification, is also invalid. Although defendant's motion to dismiss does not reach the merits of plaintiff's claim that the secrecy order is invalid, the court will take this opportunity to explain to *pro se* plaintiff that his argument is based on a misunderstanding of the controlling law.

The only pertinent requirement for a secrecy order under 35 U.S.C. § 181 is a determination by the appropriate authority that disclosure of the invention would be detrimental to the United States. There is no requirement that the government have any interest in the invention. Hence, assuming the Air Force's classification of plaintiff's invention as "SECRET" was improper because the government did not have the necessary interest in plaintiff's invention, such an improper classification would not itself mean that the government could not issue a valid secrecy order on that invention.

Turning to the government's alleged reliance on the "SECRET" classification in issuing the secrecy order, such classification would appear to be an adequate basis upon which to conclude that a Section 181 secrecy order is warranted. Under E.O. 12,356, the level of "SECRET" shall be applied to information "the unauthorized disclosure of which reasonably could be expected to cause serious damage to the national security." Hence, the government's classification of plaintiff's invention as "SECRET" would support "a determination by the appropriate authority that disclosure of the invention would be detrimental to the United States." Plaintiff's sole objection to the "SECRET" classification is that defendant did not have the requisite proprietary interest in plaintiff's invention. Plaintiff does not dispute that the nature of the invention is such that a "SECRET" classification would be proper had the government had such an interest or that disclosure of the information would be detrimental to the United States. Hence, plaintiff's contention that the secrecy order is invalid because it was based on an improper classification is legally unsound.

In any event, it is not necessary to reach the merits of plaintiff's claim that the secrecy order is invalid because plaintiff's claim must be dismissed for two other reasons.

### A.

First, as with plaintiff's perjury and fraudulent concealment claim, plaintiff fails to sat-

isfy the requirements of *Testan* in that plaintiff does not rely upon any statute or regulation that "can fairly be interpreted as mandating compensation." 424 U.S. at 400, 96 S.Ct. at 954. Pursuant to 35 U.S.C. § 183, a patent applicant is entitled to secure "compensation for the damage caused by the order of secrecy and/or for the use of the invention by the Government." Because Section 183 does not distinguish between valid and invalid secrecy orders, compensation is available thereunder in either case. But if a patent applicant chooses to contest the validity of a secrecy order rather than seek damages under Section 183, the applicant must resort to Section 181 which provides only for administrative review of the decision to issue a secrecy order. Section 181 provides: "The owner of an application which has been placed under a secrecy order shall have a right to appeal from the order to the Secretary of Commerce under the rules prescribed by him." Hence, Section 181 does not mandate compensation for a secrecy order simply because the order was issued erroneously, and plaintiff has not cited any other statute or regulation that so provides.

■■■ Thus, the only basis for a suit in this court seeking compensation for a secrecy order, valid or invalid, is Section 183. Plaintiff, however, does not base his claim on Section 183. Plaintiff brought his first district court action (*Hornback I*) under Section 183, and the district court adjudicated that action on the merits and granted summary judgment against plaintiff. Based on the doctrine of claim preclusion, plaintiff is legally barred from bringing another suit in this court based on Section 183 seeking the same damages for the same governmental actions contested in *Hornback I. Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427–28, 69 L.Ed.2d 103 (1981) ("[a] final judgment on the merits of an action precludes parties or their privies from relitigating issues that were or could have been raised in the action.")[1] In apparent recognition of the doctrine of claim preclusion, in

responding to defendant's motion to dismiss, plaintiff takes the position that he did not bring this action under Section 183:

> Hornback I sought damages under 35 U.S.C. [§] 183 based on a *valid* secrecy order; this action seeks damages under 28 U.S.C. [§] 1491, based on an *invalid* secrecy order resulting from an *invalid* classification.

As explained above, however, the Tucker Act does not itself constitute a waiver of sovereign immunity and for plaintiff to recover the alleged damages, plaintiff would have to point to a statute or regulation that fairly can be interpreted as mandating compensation. Because Section 183 is the only authority that fairly can be interpreted as mandating compensation for a secrecy order, and because plaintiff did not bring this action thereunder, plaintiff's claim for compensation based on an invalid secrecy order must be dismissed for lack of jurisdiction.

### B.

■ Second, 28 U.S.C. § 1500 precludes this court from exercising jurisdiction over plaintiff's claim for compensation based on an invalid secrecy order. Section 1500 provides: "The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States...."

In *Keene Corp. v. United States*, 508 U.S. 200, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993), the Supreme Court interpreted the jurisdictional bar in Section 1500 to reach those situations where the claim presented in the action filed in this court is the "same claim" as the claim presented in an action pending in another court in that the two claims are "based on substantially the same operative facts." *Id.* at 212, 113 S.Ct. at 2042–43. At the time plaintiff filed the instant complaint, pending in the Court of Appeals for the Ninth Circuit was plaintiff's appeal of a second district court action. *Hornback v. United States*, 91 F.3d 152, 1996 WL 368135 (9th Cir. June 28, 1996) (*Hornback II*). In *Horn-*

---

1. Plaintiff acknowledges that the information upon which he relies to support the instant damage claim is the same information he secured during discovery in *Hornback I* to support his damage claim therein.

**556**

*back II,* plaintiff sought monetary damages in the same amount as he seeks herein, *see Loveladies Harbor, Inc. v. United States,* 27 F.3d 1545, 1551–56 (Fed.Cir.1994), and the operative facts upon which plaintiff relied are substantially the same as the facts herein. *Hornback II* presented a takings claim and the operative facts upon which plaintiff relied to support that claim are defendant's classification of plaintiff's invention as "SECRET" and defendant's subsequent imposition of a secrecy order under Section 181 based upon that classification. Thus, Section 1500 applies and precludes this court from exercising jurisdiction over plaintiff's claim for compensation based upon an invalid secrecy order.

### IV.

■ Defendant asks this court to impose sanctions on plaintiff pursuant to RCFC 11 on the grounds that plaintiff filed this action without any legal basis and with the improper purpose of venting frustration stemming from plaintiff's failure to prevail in his earlier lawsuits. But *pro se* plaintiff is without legal training and cannot be held to precisely the same standard as trained counsel when applying Rule 11 sanctions. *Finch v. Hughes Aircraft,* 926 F.2d 1574, 1582 (Fed. Cir.1991). Plaintiff's instant complaint rests upon a different legal theory than his prior complaints and although the instant complaint fails to survive defendant's motion to dismiss, the court will not imply bad faith, improper motive, or a failure to make a reasonable inquiry prior to filing. The court concludes that Rule 11 sanctions are not warranted.

### Conclusion

For the reasons set forth above, defendant's motion to dismiss is granted and defendant's motion for sanctions and plaintiff's cross-motion for summary judgment are each denied. The Clerk of the Court shall enter judgment dismissing plaintiff's complaint. No costs.

IT IS SO ORDERED.