**In re Alton B. HORNBACK, Petitioner.**

**Misc. No. 674.**

United States Court of Appeals, Federal Circuit.

Sept. 28, 2001.

Before LOURIE, CLEVENGER, and LINN, Circuit Judges.

ON PETITION FOR WRIT
OF MANDAMUS

LOURIE, Circuit Judge.

ORDER

Alton B. Hornback petitions for a writ of mandamus to direct the Director of the United States Patent and Trademark Office to "replace Patent No. 6,079,666" to "conform to" his patent application. The Director opposes.

Hornback argues that his issued patent contains errors and states that he sought relief from the Director in that regard. The Director responds that he has no record of any such request from Hornback and states that the proper procedure to obtain correction of errors is to file a certificate of correction under 35 U.S.C. § 254 and 37 C.F.R. § 1.322.

In his opposition, the Director argues that this court does not have jurisdiction over this mandamus petition. We agree. *See In re Makari*, 708 F.2d 709 (Fed.Cir. 1983) (dismissing mandamus petition in part because "[w]e do not have jurisdiction to review decisions of the Commissioner on petitions"). In the present case, Hornback would have no direct right of review in this court from the Director's determination regarding a certificate of correction. *See* 28 U.S.C. § 1295(a)(4)(A) (this court has jurisdiction to review decisions of the Board of Patent Appeals and Interferences). Any review of an adverse ruling of the Director would first lie, if anywhere, in a district court. *See, e.g., Helfgott & Karas, P.C. v. Dickenson*, 209 F.3d 1328 (Fed. Cir.2000) (review of decision of the Director under the Administrative Procedure Act); 28 U.S.C. § 1361 (providing district courts with original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff).

Accordingly,

IT IS ORDERED THAT:

Hornback's petition for a writ of mandamus is dismissed.