Alton B. HORNBACK, Plaintiff–
Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 02–5111.

United States Court of Appeals,
Federal Circuit.

Dec. 4, 2002.

Rehearing and Rehearing En Banc
Denied Jan. 14, 2003.

Before MAYER, Chief Judge, SCHALL and LINN, Circuit Judges.

PER CURIAM.

Alton B. Hornback seeks review of the April 18, 2002, judgment of the U.S. Court of Federal Claims, No. 99–38C, dismissing his takings claim, inter alia, as untimely and barred by the doctrine of collateral estoppel. We *affirm*.

We review a Court of Federal Claims' decision to dismiss for lack of subject matter jurisdiction *de novo. Frazer v. United States,* 288 F.3d 1347, 1351 (Fed.Cir.2002). The application of the doctrine of collateral estoppel is an issue of law that we review without deference. *Dureiko v. United States,* 209 F.3d 1345, 1355 (Fed.Cir.2000).

The Court of Federal Claims may only exercise jurisdiction over a claim that is filed within six years of the date it accrues. 28 U.S.C. § 2501 (2000). A "claim first accrues when all the events have occurred which fix the alleged liability of the defen-

dant and entitle the plaintiff to institute an action." *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1577 (Fed. Cir.1988) (internal quotations omitted). In a case like this one, this point occurs when the "government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 186, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985).

▪ In August of 1987, the Patent and Trademark Office ("PTO") placed a secrecy order pursuant to 35 U.S.C. §§ 181–188 on Hornback's patent application 06/859,-033 directed to real time boresight error slope sensor missile technology. Hornback alleges that his intellectual property was thereby taken. He argues, however, that his takings claim did not accrue in 1987, but in 1994 when the PTO allegedly declassified and reclassified the application. He asserts that the clock reset when his property was returned to him and was then retaken. Contrary to Hornback's assertion, when the Department of the Air Force downgraded the application to unclassified in 1994, the order was not lifted because only the Commissioner of Patents may rescind a secrecy order. 35 U.S.C. § 181 (2000). In this case, he did so on April 21, 1999, not in 1994. As Hornback alleged: *"for 13 years,* [from 1987 when the secrecy order was imposed until 2000 when the patent issued] Plaintiff was deprived of all use of his property." Thus his January 25, 1999, filing is untimely.

▪ Hornback's argument that this filing differs factually from his takings claim filed in the District Court for the Southern District of California in 1994 is unpersuasive. Therefore he is collaterally estopped from arguing that his filing was timely. A party is collaterally estopped from relit-

igating issues when "(1) the issues are identical to those in a prior proceeding, (2) the issues were actually litigated, (3) the determination of the issues was necessary to the resulting judgment, and (4) the party defending against preclusion had a full and fair opportunity to litigate the issues." *Banner v. United States,* 238 F.3d 1348, 1354 (Fed.Cir.2001). In this case, the same statute of limitations issue was in the California action, Hornback had ample opportunity to fully litigate it, and timeliness was necessary to the judgment. Therefore, the Ninth Circuit's conclusion on appeal that Hornback filed his complaint more than seven years after the accrual of his cause of action and "his claims were time-barred," *Hornback v. United States,* 1996 WL 368135, *2, No. 95–56435 (9th Cir. June 28, 1996), may not be revisited.

▪ Hornback also petitions the court to order the PTO to issue a new patent. His application issued as U.S. Patent No. 6,079,666 in June of 2000, but he alleges that errors in the patent caused by the PTO must be corrected. We will not issue such an order because Hornback has failed to exhaust his administrative remedies. *See McKart v. United States,* 395 U.S. 185, 193, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969). He has not offered evidence that he has filed for a certificate of correction under 35 U.S.C. § 254 or reissue under 35 U.S.C. § 251. We have considered Hornback's remaining arguments and find them unpersuasive.