**Alton B. HORNBACK, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 03–5099.**

United States Court of Appeals,
Federal Circuit.

Jan. 13, 2004.

Rehearing En Banc Denied
Feb. 19, 2004.

Before NEWMAN, LOURIE, and CLEVENGER, Circuit Judges.

## DECISION

PER CURIAM.

Alton B. Hornback appeals from the final decision of the United States Court of Federal Claims dismissing his Fifth Amendment takings claim. *Hornback v. United States*, 56 Fed.Cl. 359 (2003). We *affirm*.

## BACKGROUND

Mr. Hornback filed U.S. Patent Application 06/859,033, which was directed to a "Real Time Boresight Error Slope Sensor," in the United States Patent and Trademark Office ("PTO") on April 25, 1986. On August 24, 1987, the PTO imposed a secrecy order on Hornback's application pursuant to 35 U.S.C. § 181. The PTO informed Hornback on September 17, 1987 that his application was in condition for allowance but that, in view of the secrecy order, it would be withheld from issue "during such period as the national interest require[d]." The secrecy order was renewed each year until it was rescinded on April 21, 1999. The application subsequently issued to Hornback as U.S. Patent 6,079,666 on June 27, 2000.

On December 19, 2002, Hornback filed a complaint against the United States in the United States Court of Federal Claims, alleging that the government effected a temporary taking of his "intellectual property" under the Fifth Amendment by imposing a secrecy order on his patent application. Hornback sought twelve million dollars as just compensation for the alleged taking as well as twelve million dollars for alleged "improprieties"–*i.e.*, theft, fraud, conspiracy to defraud, perjury, subornation of perjury, and the suppression of evidence–allegedly committed by the government in the course of the alleged taking.

On May 6, 2003, the Court of Federal Claims granted the government's motion to dismiss Hornback's complaint. The court concluded that Hornback's temporary takings claim was barred by the doctrine of res judicata because Hornback had fully litigated claims arising from the same factual circumstances, albeit under different theories of recovery, in several prior lawsuits. *Hornback*, 56 Fed. Cl. at 363–64. Moreover, the court observed that Hornback could not maintain a takings cause of action because, as the court had previously stated in *Hornback v. United States*, 52 Fed. Cl. 374, 387–89 (2002), 35 U.S.C. § 183 provides the exclusive remedy for a patent applicant whose patent has been withheld under a secrecy order. *Hornback*, 56 Fed. Cl. at 364. Finally, the court concluded that it lacked subject matter jurisdiction over Hornback's claim for damages resulting from the government's alleged "improprieties." *Id.* at 365.

Hornback timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

The determination whether a claim is barred by the doctrine of res judicata, or claim preclusion, is a question of law that we review *de novo*. *Faust v. United States*, 101 F.3d 675, 677 (Fed.Cir.1996). We also review the Court of Federal Claims' dismissal for lack of subject matter jurisdiction *de novo*. *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed.Cir.2002).

On appeal, Hornback argues that the Court of Federal Claims erred in dismiss-

ing his claim for several reasons. First, Hornback asserts that the doctrine of res judicata is inapplicable because the Court of Federal Claims did not previously address his temporary takings claim on the merits. He distinguishes his claim in the present case from his claim in the earlier Case No. 99–38 C on the basis that the earlier claim was filed while the secrecy order was in effect and therefore alleged a permanent taking, whereas the present claim was filed after the secrecy order was rescinded and therefore alleged only a temporary taking. Second, Hornback argues that 35 U.S.C. § 183 does not provide the exclusive remedy for his claim. He reasons that § 183 only provides the exclusive remedy for damages caused by a secrecy order imposed under 35 U.S.C. § 181, but that the secrecy order on his application could not have been imposed pursuant to § 181, which was enacted in 1952, because it required compliance with Executive Order 12,356 and the Industrial Security Manual for Safeguarding Classified Information, neither of which existed before 1982. Third, Hornback maintains that the statute of limitations does not bar his temporary takings claim because the limitations period did not accrue until the secrecy order was rescinded in April 1999, as opposed to the date when the secrecy order was imposed in August 1987. Lastly, citing *Del–Rio Drilling Programs, Inc. v. United States,* 146 F.3d 1358, 1362 (Fed. Cir.1998), Hornback asserts that the Court of Federal Claims did have authority to adjudicate his claim of the government's alleged improprieties, or "crimes."

The government responds that the Court of Federal Claims properly dismissed Hornback's claim. First, the government argues that the doctrine of res judicata bars Hornback from relitigating his Fifth Amendment takings claim because that claim has been adjudicated on the merits, and Hornback has had the opportunity for full and fair litigation, on three prior occasions. Second, the government maintains that Hornback cannot pursue a Fifth Amendment takings claim against the government because 35 U.S.C. § 183 provides the exclusive remedy for damages caused by the imposition of a secrecy order on a patent application. Third, the government argues that Hornback's takings claim is barred by the statute of limitations. Finally, the government asserts that Hornback's "improprieties" claim, which sounds in tort, does not fall within the Court of Federal Claims' subject matter jurisdiction and, furthermore, is an improper attempt to recover damages twice for the same alleged wrong.

■ We agree with the government that the Court of Federal Claims did not err in dismissing Hornback's takings claim in this case. Under the doctrine of res judicata, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). A second suit will be barred by the doctrine of res judicata if: "(1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first." *Jet, Inc. v. Sewage Aeration Sys.,* 223 F.3d 1360, 1362 (Fed.Cir.2000). Because each of those criteria has been satisfied, we conclude that Hornback's claim in this case on appeal is barred by the doctrine of res judicata.

Recently, we affirmed the Court of Federal Claims' dismissal of another of Hornback's takings claims on the ground that Hornback was collaterally estopped from arguing that his filing was timely. *Horn-*

back v. United States, 55 Fed.Appx. 536 (Fed.Cir.2002) (nonprecedential), aff'g 52 Fed.Cl. 374 (2002).* In that case, we specifically addressed Hornback's allegation that "for 13 years, [from 1987 when the secrecy order was imposed until 2000 when the patent issued] Plaintiff was deprived of all use of his property." Id. at 537 (alteration in original). Thus, Hornback has previously raised, and we have previously considered, the same temporary takings theory that he now asserts in the present case. That claim was adjudicated on the merits when we held that it was untimely, based on Hornback's previous litigation of the statute-of-limitations issue. See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); see also 18 James Wm. Moore, Moore's Federal Practice § 131.30[3][g][i] (3d ed.2003). Under the doctrine of res judicata, Hornback may not again litigate the same takings claim that was dismissed on the merits in an earlier lawsuit. Accordingly, we conclude that the Court of Federal Claims properly dismissed Hornback's takings claim underlying the present appeal.

■ We also agree with the government that the Court of Federal Claims did not err in dismissing Hornback's "improprieties" claim for lack of subject matter jurisdiction. Although Del–Rio Drilling does state that a property owner may seek relief for "legal improprieties committed in the course of a taking," 146 F.3d at 1364, it does not stand for the proposition that the Court of Federal Claims is the proper

forum in which to bring such a claim. On the contrary, we have explained that a claim alleging a taking under the Fifth Amendment and a claim alleging wrongful government conduct leading to that taking are two separate causes of action, id., which may require adjudication in two different forums, see Rith Energy, Inc. v. United States, 247 F.3d 1355, 1365–66 (Fed.Cir.2001) (stating that Del–Rio Drilling did not permit the plaintiff to challenge the denial of its permit application in a takings action in the Court of Federal Claims, rather than in an administrative review proceeding).

In this case, Hornback's "improprieties" claim was clearly beyond the Court of Federal Claims' subject matter jurisdiction. The Tucker Act limits the Court of Federal Claims' jurisdiction to claims against the United States that are grounded in contract or based on a money-mandating constitutional provision, federal statute, or regulation of the executive department. See 28 U.S.C. § 1491 (2000); United States v. Mitchell, 463 U.S. 206, 215–16, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). The Court of Federal Claims does not have jurisdiction over claims alleging tortious or criminal conduct. Keene Corp. v. United States, 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); see Joshua v. United States, 17 F.3d 378, 379–80 (Fed.Cir.1994); Campbell v. United States, 229 Ct.Cl. 706, 707 (1981) (per curiam). Hornback alleges in his "improprieties" claim that the government committed the "crimes of theft, fraud, conspiracy to defraud, perjury, subordination of perjury, and the suppression of evidence." Recognizing that allegations made in a pro se complaint are to be held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner,

---

* Federal Circuit Rule 47.6(b) provides that a nonprecedential opinion may be asserted for claim preclusion or issue preclusion purposes.

404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court of Federal Claims concluded that Hornback's allegations, which sound in tort, could not fairly be read to state a claim within that court's jurisdiction. We too are unable to discern a claim over which the Court of Federal Claims has jurisdiction, for Hornback's "improprieties" claim, however characterized, does not allege breach of a contract or violation of a money-mandating constitutional provision, statute, or regulation. The Court of Federal Claims therefore did not err in dismissing Hornback's "improprieties" claim for lack of subject matter jurisdiction.

We have considered Hornback's other arguments and find them unpersuasive.

### CONCLUSION

For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.