DECISION
PER CURIAM.
Alton B. Hornback appeals from the judgment of the United States Court of Federal Claims dismissing his complaint for damages arising from the reclassification of his patent application as secret. Hornback v. United States, No. 03-2063 C (Fed.Cl. Oct. 7, 2003) (“Judgment”). He also appeals from the court’s decision dismissing his petition for remand to the U.S. Patent and Trademark Office (“PTO”). Hornback v. United States, No. 03-2063 C (Fed.Cl. Oct. 3, 2003) {“Order Dismissing Petition”). For the reasons enumerated below, we vacate the judgment dismissing the complaint, dismiss the appeal from the *852 decision dismissing the petition for remand to the PTO, and remand.
BACKGROUND
Mr. Hornback filed U.S. Patent Application 06/859,033, which was directed to a “Real Time Boresight Error Slope Sensor,” on April 25, 1986. On August 24, 1987, the PTO imposed a secrecy order on that application pursuant to 35 U.S.C. § 181. The PTO informed Hornback on September 17, 1987 that his application was in condition for allowance but that, in view of the secrecy order, it would be withheld from issue “during such period as the national interest require[d].” The secrecy order was renewed each year until it was rescinded on April 21, 1999. The application subsequently issued to Horn-back as U.S. Patent 6,079,666 on June 27, 2000.
According to Hornback, however, the issued patent contains numerous errors. In a letter dated August 14, 2000, he thus asked the PTO to issue a corrected patent pursuant to 37 C.F.R. § 1.322(b). The PTO apparently did not respond to that letter and so, on June 26, 2001, Hornback filed a petition for a writ of mandamus in this court, asking us to order the PTO to issue a new patent with the requested corrections. We dismissed that petition for lack of jurisdiction. We stated: “Hornback would have no direct right of review in this court from the [PTO] Director’s determination regarding a certificate of correction .... Any review of an adverse ruling of the Director would first lie, if anywhere, in a district court.” Hornback v. United States, 20 Fed.Appx. 846, 846 (Fed.Cir. 2001). Hornback subsequently filed a second petition for a writ of mandamus, which we again dismissed for lack of jurisdiction. Hornback v. United States, 32 Fed.Appx. 537, 537 (Fed.Cir.2002).
On September 8, 2003, Hornback filed in the United States Court of Federal Claims one of his many complaints against the United States, this time alleging that the reclassification of his patent application as secret constituted “theft and implied use of [his] property” and seeking $12 million in “just compensation.” Hornback also filed in the Court of Federal Claims a petition to remand the ’666 patent to the PTO for reissue to conform to the ’033 application. In an order dated October 3, 2003, the court dismissed Hornback’s petition for lack of subject matter jurisdiction, citing our earlier dismissal of Hornback’s petition for a writ of mandamus for the proposition that review of an adverse ruling by the PTO “would lie, if anywhere, in a district court.” Order Dismissing Petition, slip op. at 2. Pursuant to that order, the clerk of the Court of Federal Claims entered a judgment dismissing Hornback’s complaint. Judgment, slip op. at 1.
DISCUSSION
On appeal, Hornback challenges both the dismissal of his petition for remand to the PTO and the dismissal of his complaint. He argues that the Court of Federal Claims has the authority to remand this matter to the PTO and that the court’s refusal to do so was in error. He also points out that the Court of Federal Claims’ October 3, 2003 order directed the clerk of that court to dismiss his petition for remand, not his complaint, and that the court has not yet considered the claims set forth in his complaint. Hornback thus asks that we grant the requested relief or, in the alternative, that we declare the judgment dismissing his complaint to be null and void and remand for adjudication of his asserted claims.
The government responds that the Court of Federal Claims correctly dismissed Hornback’s petition for lack of sub *853 ject matter jurisdiction. The government also maintains that the Court of Federal Claims’ entry of judgment dismissing Hornback’s complaint, and not just his petition for remand to the PTO, was harmless error because it did not adversely affect Hornback’s substantive rights. The government offers two arguments in support of that proposition: first, that the Court of Federal Claims has, on at least four prior occasions, dismissed Hornback’s claims relating to damages arising from the classification of his patent application and the imposition of a secrecy order; and second, that the Court of Federal Claims lacks subject matter jurisdiction over Hornback’s complaint, which alleges “theft and implied use of [his] property.”
We first address the judgment entered by the Court of Federal Claims on October 7, 2003. Although that judgment purports to dismiss Hornback’s complaint in this case, we construe it as dismissing only his petition for remand of the ’666 patent to the PTO. The judgment states that Hornback’s complaint is dismissed “[p]ursuant to the court’s Order, filed October 3, 2003.” Judgment, slip op. at 1. The October 3, 2003 order, however, dismisses Hornback’s petition for remand to the PTO and specifically directs the clerk of the court to dismiss only Hornback’s petition. Order Dismissing Petition, slip op. at 2. Moreover, nothing in the record indicates that the court ever considered Hornback’s complaint-which alleges that the government’s reclassification of his patent application as secret constituted “theft and implied use of [his] property”let alone intended to dismiss it. The government even concedes that the dismissal of Hornback’s complaint, rather than just his petition for remand to the PTO, was error. The government argues, however, that such error was harmless. We cannot agree, for the Court of Federal Claims has not yet addressed the claims that Horn-back asserts in this lawsuit. Whether Hornback’s claims are, as the government argues, barred by the doctrine of res judicata or beyond the scope of the Court of Federal Claims’ subject matter jurisdiction is for that court to determine in the first instance; we decline the government’s invitation to consider Hornback’s allegations of theft and implied use of his property for the first time on appeal. Accordingly, we vacate the judgment dismissing Horn-back’s complaint and remand for the Court of Federal Claims to adjudicate the asserted claims.
We turn next to the dismissal of Hornback’s petition to remand the ’666 patent to the PTO for correction and reissue. We conclude, however, that that decision is nonfinal and therefore not appeal-able at this time. Under 28 U.S.C. § 1295(a)(3), our jurisdiction in appeals from the Court of Federal Claims extends only to review of “final decision[s].” As we have explained in the past, a final decision is one that fully disposes of all the claims in a case or that the trial court has certified as final pursuant to Federal Rule of Civil Procedure 54(b). Fireman’s Fund Ins. Co. v. England, 313 F.3d 1344, 1347 (Fed.Cir.2002); see Spraytex, Inc. v. DJS&T, 96 F.3d 1377, 1379 (Fed.Cir.1996) (“[T]here is no final decision until a judgment is entered adjudicating all of the claims.”). In this case, the Court of Federal Claims has neither adjudicated all of the claims nor certified its decision as final. In fact, as discussed above, the court has yet to adjudicate any of the claims set forth in Hornback’s complaint. Thus, the court’s dismissal of Hornback’s petition for remand to the PTO is nonfinal, meaning that we cannot entertain an appeal from that decision at this time. Accordingly, we dismiss as premature Hornback’s appeal from the Court of Federal Claims’ decision *854 dismissing his petition for remand to the PTO.
CONCLUSION
For the foregoing reasons, we vacate the judgment dismissing Hornback’s complaint and we dismiss Hornback’s appeal from the decision dismissing his petition for remand to the PTO. Furthermore, we remand for the Court of Federal Claims to consider the merits of Hornback’s complaint in the first instance.
COSTS
No costs.