Alton B. HORNBACK, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 03–2063 C.

United States Court of Federal Claims.

Aug. 30, 2004.

Alton B. Hornback, San Diego, CA, pro se.

Susan L.C. Mitchell, with whom were Peter D. Keisler, Assistant Attorney General, and John Fargo, Director, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

HEWITT, Judge.

This matter is before the court on remand from the United States Court of Appeals for the Federal Circuit. *See Hornback v. United States*, 98 Fed.Appx. 850 (Fed.Cir.2004). On September 8, 2003, plaintiff Alton B. Hornback filed this action "for just compensation for the reclassification at the level of SECRET of the subject matter in his patent application in violation of national security Executive Order 12356." Complaint (Compl.) at 1. Approximately two weeks after filing his complaint, plaintiff also filed in this action a document styled, "Petition for Court to Remand Patent No. 6,079,666 to PTO for Reissue to Conform to Patent Application No. 06/859,033." By Order dated October 3, 2003, this court dismissed plaintiff's petition for lack of subject matter jurisdiction.[1] Order of October 3, 2003 at 2 (Order). Although the Order addressed only the petition and did not include a direction to enter final judgment on the petition under Rule 54(b) of the Court of Federal Claims (RCFC), the Clerk of the Court entered a judgment, pursuant to that Order, dismissing not only the petition but plaintiff's entire complaint. *See* Order at 2; *Hornback*, 98 Fed.Appx. at 852. The court could have picked this error up from the copy of the judgment sent to chambers but did not.

Plaintiff appealed the dismissal of his petition for remand and the dismissal of his complaint. *Hornback*, 98 Fed.Appx. at 852. The result was that an appeal of a case

---

1. The court relied on "the Federal Circuit's guidance in *In re Hornback*, Misc. No. 674, 2001 WL 1173197 [20 Fed.Appx. 846] (Fed.Cir. Sept.28, 2001), that review of an adverse ruling of the Director of the United States Patent and Trademark Office 'would lie, if anywhere, in a district court.'" Order of October 3, 2003 at 2.

unripe for appeal was filed. The Federal Circuit was then required to consider the appeal. This court regrets that it failed to prevent this unnecessary expenditure of judicial resources in this litigation.

Because this court's Order dismissed only plaintiff's petition for remand of Patent No. 6,079,666 to the Patent and Trademark Office (PTO), the Federal Circuit vacated the judgment dismissing plaintiff's complaint and remanded the matter to this court. *Id.* at 853–54. The Federal Circuit also dismissed plaintiff's appeal of the dismissal of his petition for remand as premature. *Id.*

Pending the issuance of the mandate from the Federal Circuit, the parties filed the following:[2] (1) Motion for Summary Judgment in Favor of Plaintiff (Pl.'s Mot.) and (2) Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted; Motion to Dismiss for Lack of Subject Matter Jurisdiction; and Motion for Sanctions. The mandate issued on May 28, 2004. The court now considers the parties' motions.

## I. Background

In this action, plaintiff seeks "just compensation in the amount of $12 million for the acquisit[i]on by the U.S. Government of a *proprietary interest* in [his patent] application [for an invention titled the 'Real–Time Boresight Error Slope Sensor'] as a prerequisite for [the government's security] classification [of his patent application]." Compl. at 1–2. Plaintiff alleges that "absent compensation, ... *reclassification* [of his patent application] at the level of SECRET constituted theft and implied use of [his] property." *Id.* at 1.

Plaintiff moves for summary judgment in his favor "on the ground that Defendant has failed to controvert a single fact asserted in the C[omplaint]." Pl.'s Mot. at 1. Plaintiff argues that, although "[d]efendant and this

Court have frequently noted, with disdain, the many cases I have filed, all based substantially upon the same set of facts, ... no [asserted] claim ... nor any fact upon which that claim was based, has ever been judicially decided on its merits." *Id.* at 7 (emphasis omitted).

Defendant moves to dismiss plaintiff's complaint on the grounds that plaintiff's claim is barred by res judicata and that plaintiff's theories of recovery are not within the court's jurisdiction. Defendant's Brief in Support of Its Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and for Lack of Subject Matter Jurisdiction; in Support of Its Motion for Sanctions; and in Opposition to Plaintiff's Motion for Summary Judgment (Def.'s Br. or [d]efendant's main brief) at 4–5. Defendant also moves the court to enjoin plaintiff from filing another action arising out of the imposition of a secrecy order on his patent application absent leave of court. *Id.* at 5.[3]

## II. Discussion

### A. Standards of Review

Rule 12(b)(1) governs dismissal for "lack of jurisdiction over the subject matter." RCFC 12(b)(1). Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) ("[T]he party who seeks the exercise of jurisdiction in his favor ... must carry throughout the litigation the burden of showing that he is properly in court."); *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed.Cir.1998) ("[T]he burden of establishing jurisdiction ... must be carried by [the plaintiff in the underlying suit].").

Rule 12(b)(6) governs dismissal of a claim for " failure to state a claim upon which relief can be granted." RCFC 12(b)(6). Under RCFC 12(b)(6), the court must accept as true

---

2. Pending receipt of the mandate and by leave of court, the Clerk of the Court filed the documents in lieu of returning them. *See* Orders dated May 7, 2004 and May 14, 2004.

3. The additional responsive briefing to the parties' motions includes: Plaintiff's Opposition to Defendant's Motion to Dismiss and Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment (Pl.'s Opp.) and Reply to Hornback's Opposition to Defendant's Motion to Dismiss (Def.'s Reply).

the facts alleged in the complaint, *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999), and must construe all reasonable inferences in favor of the non-movant, *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir.2001). A court must grant the motion "when the facts asserted by the plaintiff do not entitle him to a legal remedy." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed.Cir. 2000). RCFC 12(b)(6) specifically instructs that where such a motion is filed and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by RCFC 56." RCFC 12(b); *see also Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1250 (Fed.Cir.2000).

Rule 56 provides that summary judgment is warranted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. RCFC 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### B. Plaintiff's Claim

It is undisputed that "[t]his suit arises out of a security classification of [plaintiff's] patent application, Serial No. 859,033, and [the] imposition of a secrecy order on that application." Def.'s Br. at 3. *See* Compl. at 1, 3; Pl.'s Mot. at 6. It is also undisputed that plaintiff has filed numerous suits arising out of this same set of operative facts. *See* Pl.'s Mot. at 7 (acknowledging the filing of "many cases ... all based substantially upon the same set of facts"); Def.'s Br. at 3 (stating that plaintiff "has litigated this same claim on numerous prior occasions"). In particular, plaintiff has filed two actions in the United States District Court for the Southern District of California, namely: (1) *Hornback v. United States*, Civil Action No. 89–1914–R(M) (S.D.Cal. Oct. 2, 1992), *aff'd*, 16 F.3d 422 (Fed.Cir.1993) (non-precedential), and (2) *Hornback v. United States*, No. CV–94–

00952–IEG (S.D.Cal.), *aff'd*, 91 F.3d 152 (9th Cir.1996) (unpublished). Plaintiff also has filed a series of suits in the Court of Federal Claims: (1) *Hornback v. United States*, No. 96–121 C; (2) *Hornback v. United States*, No. 96–647 C; (3) *Hornback v. United States*, No. 98–58 C; (4) *Hornback v. United States*, No. 99–38 C; (5) *Hornback v. United States*, No. 99–168 C; (6) *Hornback v. United States*, No. 00–374C; (7) *Hornback v. United States*, No. 01–99 C; (8) *Hornback v. United States*, No. 01–136 C; (9) *Hornback v. United States*, No. 02–1915 C; and (10) *Hornback v. United States*, 03–2063 C.[4]

In the first suit filed in the district court in California for damages resulting from the classification of his patent application and the imposition of a secrecy order on that application, plaintiff brought suit under the statutory provision, 35 U.S.C. § 183 (1988),[5] alleging damages from the imposition of the secrecy order. *See* Supplemental Appendix to Defendant's Brief in Support of Its Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and for Lack of Subject Matter Jurisdiction; in Support of Its Motion for Sanctions; and in Opposition to Plaintiff's Motion for Summary Judgment (Supp.App.) Ex. 1 at SA–3 (order granting summary judgment for defendant in *Hornback v. United States*, Civil Action No. 89–1914–R(M) (S.D.Cal. Oct. 2, 1992)). The district court found that plaintiff had not demonstrated actual damages as required under 35 U.S.C. § 183 and that plaintiff was precluded from asserting a Fifth Amendment takings claim because section 183 afforded the exclusive remedy. *Id.* at SA–4—SA–6. The Federal Circuit affirmed that decision. *Hornback v. United States*, No. 93–1462, 1993 WL 528066, at *1 (Fed.Cir. Dec.22, 1993) (unpublished decision).

In the second suit filed in the district court in California, plaintiff sought compensation under the Fifth Amendment for the government's classification of his patent application and the imposition of a secrecy order on that

---

4. For ease of reference, the court cites to the decisions in non-precedential opinions and the electronic versions of table cases.

5. The provision governs a patent applicant's right to compensation "for the damage caused by the [imposition of an] order of secrecy and/or for the use of the invention by the Government." 35 U.S.C. § 183.

**4**

application. *Hornback v. United States,* No. 95–56435, 1996 WL 368135, at *1 (9th Cir. June 28, 1996) (unpublished decision). The district court dismissed plaintiff's complaint for lack of subject matter jurisdiction under the Little Tucker Act, 28 U.S.C. § 1346(a)(2) (1994), because plaintiff sought compensation in excess of $10,000. *Id.* at *1. The district court declined to transfer the case to the Court of Federal Claims because the six-year statute of limitations had expired. *Id.* at *2; *see also* 28 U.S.C. § 2501 (1994) (statute governing time for filing suit in Court of Federal Claims). The Ninth Circuit affirmed that decision. *Hornback v. United States,* No. 95–56435, 1996 WL 368135, at *2.

Of the nine suits filed in the Court of Federal Claims, five of the cases were dismissed with prejudice and affirmed on appeal. *See Hornback v. United States,* 52 Fed.Cl. 374 (2002) (addressing case no. 99–38 C), *aff'd,* 55 Fed.Appx. 536 (Fed.Cir.2002); Supp.App. Ex. 11 (copy of Opinion and Order dated May 13, 2003 in *Hornback v. United States,* No. 99–168 C c/w 00–374 C (addressing consolidated case nos. 99–168 C and 00–374 C), *aff'd,* 85 Fed.Appx. 758 (Fed.Cir. 2004)); *Hornback v. United States,* 56 Fed. Cl. 462 (2003) (addressing case no. 01–99 C), *aff'd,* 85 Fed.Appx. 758 (Fed.Cir.2004); and *Hornback v. United States,* 56 Fed.Cl. 359 (2003) (addressing case no. 02–1915 C), *aff'd,* 91 Fed.Appx. 679 (Fed.Cir.2004). Of the remaining four suits filed in the Court of Federal Claims, the first suit filed in this court was dismissed for, among other reasons, lack of jurisdiction to hear the alleged tort claims. *See Hornback v. United States,* 36 Fed.Cl. 552 (1996) (addressing case no. 96–121 C). Two suits were dismissed for failure to exhaust administrative remedies. *See Hornback v. United States,* 178 F.3d 1308 (Fed.Cir.1998) (non-precedential) (affirming this court's Order of May 12, 1998 dismissing case no. 96–647 C); Supp.App. Ex. 5 at SA–18 (copy of docket sheet reflecting July 7, 1999 Order dismissing *Hornback v. United States,* case no. 98–58 C). Plaintiff voluntarily dismissed the fourth suit, *Hornback v. United States,* No. 01–136 C. *See* Supp.App. Ex. 6 at SA–21 (copy of docket sheet reflecting May 3, 2002 Order in case no. 01–136 C granting plaintiff's motion for

leave to withdraw the complaint and dismissing the complaint without prejudice).

The court briefly reviews here the five cases that were dismissed with prejudice by the Court of Federal Claims. In *Hornback v. United States,* 52 Fed.Cl. 374, 375 (2002) (addressing case no. 99–38 C), plaintiff alleged that a Fifth Amendment taking of his property occurred when the government imposed a security classification on his patent application, withheld the patent from issue, took possession of the patent application and the subject matter thereof and denied him the right to have a copy of his patent application when his security clearance was revoked upon his retirement. The court dismissed the complaint on the grounds that the takings claim was time-barred, *id.* at 383, and was barred by res judicata, *id.* at 386. The Federal Circuit affirmed the decision. *Hornback v. United States,* 55 Fed.Appx. 536 (Fed.Cir.2002).

In *Hornback v. United States,* 85 Fed. Appx. 758 (Fed.Cir.2004), the Federal Circuit, on a consolidated appeal, affirmed the dismissal of plaintiff's actions, specifically consolidated case nos. 99–168 C and 00–374C and case no. 01–99 C. In *Hornback v. United States,* case no. 99–168 C, plaintiff sought just compensation for the unauthorized use by the government of his invention which was disclosed in the patent application subject to the secrecy order. *See Hornback v. United States,* 85 Fed.Appx. at 759 (addressing appeal of Opinion and Order in *Hornback v. United States,* consolidated case nos. 99–168 C and 00–374C). In *Hornback v. United States,* case no. 00–374 C, plaintiff sought compensation for damage caused by the government's imposition of a secrecy order on his patent application. *See Hornback v. United States,* 85 Fed.Appx. at 759. In *Hornback v. United States,* case no. 01–99 C, plaintiff sought compensation for the proprietary interest the government acquired in his intellectual property as a prerequisite to the classification of his patent application as secret. *Id.* The Court of Federal Claims dismissed each of these actions finding that because the claims arose out of the same set of facts and "could have been raised" in one of the plaintiff's prior lawsuits, the claims

were barred by the doctrine of res judicata. *Id.* at 760. In affirming the dismissal of plaintiff's actions, the Federal Circuit stated:

> It is not disputed that the parties in the present cases are identical to the parties in Hornback's earlier lawsuits brought in the Southern District of California and in the Court of Federal Claims. Moreover, the claims raised in the cases on appeal are based on the same set of transactional facts as were the claims in the earlier lawsuits. Namely, all of Hornback's claims are based on the classification of information in his patent application and the imposition of a secrecy order on that application. In fact, Hornback concedes that "the many cases" he has filed are "all based upon substantially the same set of facts." Hornback thus may not split his claim by simply asserting different theories of recovery in successive lawsuits.

*Id.* at 761 (citations omitted).

In *Hornback v. United States*, 56 Fed.Cl. 359, 361 (2003) (addressing case no. 02–1915 C), plaintiff alleged that the government had effected a temporary taking of his "intellectual property" under the Fifth Amendment by imposing a secrecy order on his patent application and sought just compensation for the alleged taking as well as for certain "improprieties" allegedly committed by the government in the course of the alleged taking,

namely, theft, fraud, conspiracy to defraud, perjury, subornation of perjury, and the suppression of evidence. The Court of Federal Claims dismissed plaintiff's complaint on the ground that plaintiff's claims were barred by res judicata. *Id.* at 363. The Federal Circuit affirmed that decision. *Hornback v. United States*, 91 Fed.Appx. 679 (Fed.Cir. 2004).

Here, plaintiff concedes that he has filed many cases arising out of the same set of facts, *see* Pl.'s Mot. at 7, and does not dispute that this action, in which he alleges theft and implied use of his invention by the government, is yet another claim arising out of that same set of facts, *id.* Contrary to plaintiff's representations, the merits of his claims have been reached in several prior suits. *See Hornback v. United States*, 16 F.3d 422 (Fed. Cir.1993); *Hornback v. United States*, 56 Fed.Cl. at 361. Plaintiff has had numerous opportunities to litigate this matter and all possible legal theories arising out of the set of facts at issue, including prior allegations similar to those asserted in this case of theft and improper use by the government of plaintiff's invention.[6] *See Hornback v. United States*, 91 Fed.Appx. 679 (Fed.Cir.2004). Notwithstanding plaintiff's apparent dissatisfaction with the various court decisions addressing his claims, this action is barred by the doctrine of res judicata.[7] *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5,

---

6. Moreover, as defendant correctly points out in its reply briefing, plaintiff's claim arising out of the classification of his patent application under Executive Order No. 12,356 (EO 12356) "is simply not cognizable under the Tucker Act, 28 U.S.C. § 1491." Def.'s Reply at 2 (citing *United States v. Mitchell*, 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) and *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). Executive Order No. 12,356 "prescribes a uniform system for classifying, declassifying, and safeguarding national security information." *Exec. Order No. 12,356*, 47 Fed.Reg. 14,874 (Apr. 2, 1982). Pointing specifically to section 3.4, entitled "Mandatory Review for Declassification," and section 5.4, entitled "Sanctions," of EO 12356, defendant argues that under these sections, the only two sections that "even tangentially relate to a claim by a private citizen for violation of [EO 12356]," there are no provisions for money damages. Def.'s Reply at 3–4. Section 3.4(d) of EO 12356 requires agency heads to "develop procedures to process requests for the mandatory review of classified information ... and provide a means for administrative-

ly appealing a denial of a mandatory review request." *Exec. Order No. 12,356*, 47 Fed.Reg. at 14,880. Section 5.4 of EO 12356 permits the imposition of sanctions against officers and employees of the government, among others, for knowingly and willfully classifying or continuing to classify information in violation of the Executive Order or any implementing directive. *Id.* at 14,883. Such sanctions "may include reprimand, suspension without pay, removal, termination of classification authority, loss or denial of access to classified information, or other sanctions in accordance with applicable law and agency regulation." *Id.* Neither section "create[s] any substantive right enforceable against the United States for money damages." *Mitchell*, 463 U.S. at 216, 103 S.Ct. 2961 (quotations omitted).

7. The Federal Circuit has affirmed prior decisions determining that 35 U.S.C. § 183 provides the exclusive right to compensation for damage resulting from the use of an invention by the government and that plaintiff has failed to establish actual damage as required by that statutory

**6**

99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (stating that "a judgment on the merits in a prior suit bars a second suit involving the same parties ... based on the same cause of action"); *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1362 (Fed.Cir.2000) (barring a second suit under the doctrine of res judicata if: "(1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first").

Plaintiff has availed himself fully of the judicial process in fervently litigating his claim for damages allegedly resulting from the government's imposition of a secrecy order on his patent application for a Real–Time Boresight Error Slope Sensor. To prevent abuse of the judicial process by plaintiff, the court bars plaintiff from filing any additional actions in this court arising out of any claims he may have relating to the classification of his patent application or the imposition of a secrecy order on his patent application absent advance written permission by a judge of this court. *See* RCFC 11; *Anderson v. United States*, 46 Fed.Cl. 725, 731 (2000) (imposing substantially identical sanction), *aff'd*, 4 Fed.Appx. 871 (Fed.Cir.), *cert. denied*, 533 U.S. 926, 121 S.Ct. 2577, 150 L.Ed.2d 713 (2001).

III. Conclusion

For the foregoing reasons, defendant's motion to dismiss is GRANTED and plaintiff's motion for summary judgment is DENIED. The Clerk of the Court shall dismiss plaintiff's complaint and, except with respect to an appeal of this decision, is directed not to file any additional pleadings or documents tendered for filing by plaintiff and relating to the classification of his patent application or the imposition of a secrecy order on his patent application absent advance written permission by a judge of this court.

IT IS SO ORDERED.

provision. *See Hornback v. United States*, 16 F.3d 422 (Fed.Cir.1993); *Hornback v. United States*, 85 Fed.Appx. 758 (Fed.Cir.2004). In addition, this court lacks subject matter jurisdiction over claims sounding in tort, such as claims for theft. *See* 28 U.S.C. § 1491(a)(1) (2000).