**Ernest C. ALDRIDGE, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 04–1236C.**

United States Court of Federal Claims.

July 29, 2005.

Ernest C. Aldridge, pro se, plaintiff.

Richard P. Schroeder, United States Department of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

BRADEN, Judge.

### RELEVANT FACTS AND PROCEDURAL BACKGROUND [1]

#### A. The United States Department Of Veterans Affairs Claim.

The Complaint alleges that Plaintiff is the sole owner of property located at 135 Granada Street, Fernley, Nevada ("the Property"). *See* Compl. Ex. 2 (March 28, 2004 Claim Letter from Plaintiff to United States Department of Veterans Affairs) at 3. On July 31, 2003, an independent contractor for the United States Department of Veterans Affairs (hereinafter "VA") filed an eviction action in Nevada Small Claims Court to remove Plaintiff from the Property. *See* Compl. Ex. 1 (June 8, 2004 Reply from VA to Plaintiff) at 1; *see also* Compl. Ex. 2 at 1, 4.[2]

---

1. The relevant facts and procedural background recited herein were derived from: Plaintiff's July 29, 2004 Complaint ("Compl."); Plaintiff's October 22, 2004 Motion for Summary Judgment ("Pl. Mot. for S. J."); Government's December 14, 2004 Motion to Dismiss, Response to Plaintiff's Motion for Summary Judgment, and Motion to Strike Plaintiff's Proposed Findings of Uncontroverted Fact ("Gov't Mot. to Dismiss and Resp."); Plaintiff's May 11, 2005 Motion for Consideration of Motion for Summary Judgment ("Pl.S. J. Mot."); and Plaintiff's May 27, 2005 Notice and Demand for Payment of Principal and Interest for a Liquidated Claim ("Pl.Demand").

2. In September 1980, Plaintiff entered into a VA home loan agreement with Lomas and Nettleton (hereinafter "the Loan") in the amount of $65,000, to purchase the Property. *See Aldridge v. First Nationwide Mortgage Corp.*, No. CV–N–02–0363, Order at 2 (D.Nev. Nov. 4, 2002). On November 14, 1980, First National Mortgage Company ("FNMC") assumed responsibility for servicing the Note and Deed associated with the Property. *Id.* at 3. On March 8, 2000, FNMC filed an action in Nevada state court, *First Nationwide Mortgage Corp. v. Aldridge*, No. CI–14333 (3rd Jud. Dist.Nev. Mar. 8, 2000), alleging that Plaintiff did not fully discharge the debt on the Loan and asked to foreclose. Plaintiff claimed to have discharged the debt on the Loan on May 15, 1998. *See Aldridge v. First Nationwide Mortgage Corp.*, No. CV–N–02–0363, Complaint at 9 (attached Affidavit at ¶¶ 15–16) (D.Nev. July 3, 2003). On December 14, 2001,

Subsequently, Plaintiff filed numerous lawsuits as a result of this eviction.

On March 28, 2004, Plaintiff filed a personal injury claim with the VA (hereinafter "VA claim") asserting that actions by Gregory Wilde (hereinafter "Wilde"), an attorney working as an independent contractor for the VA, constituted: 1) fraud by a federal employee for initiating suit in a court without jurisdiction to determine title; 2) identity theft by a federal employee for using Plaintiff's personal information in a fraudulent suit; and 3) slander of Plaintiff's name and slander and "clouding title" to the Property. *See* Compl. Ex. 2 at 1–6. Plaintiff's VA claim requested $10 million in damages for each of the allegations or $30 million for all claims. *Id.* at 5.

On June 8, 2004, the VA informed Plaintiff that the United States is not responsible for the negligent or wrongful acts of an independent contractor. *See* Compl. Ex. 1 at 1. Accordingly, the VA rejected Plaintiff's claim, but suggested that he consider two other options: 1) file a request for reconsideration with the VA; or 2) file suit in a federal district court under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, naming the United States as the defendant. *Id.* at 1–2.

### B. Related Actions Filed In State And Federal Courts In The State Of Nevada.

On January 31, 2002, Plaintiff filed a Bankruptcy Petition with the United States Bankruptcy Court for the District of Nevada seeking relief from payment on the Property (the "Bankruptcy Petition"). *See In re Aldridge,* No. 02–50271, Voluntary Petition (Bankr. D.Nev. Jan. 31, 2002). On April 29, 2002, the Honorable Gregg W. Zive held that Plaintiff had filed the action in bad faith and dismissed Plaintiff's Bankruptcy Petition. *See*

*In re Aldridge,* No. 02–50271, Order at 2 (Bankr.D.Nev. Apr. 29, 2002).

On May 30, 2002, Plaintiff filed a Petition for Writ of Mandamus in the United States District Court for the District of Nevada to compel the United States Bankruptcy Court to vacate the dismissal of the Bankruptcy Petition and assign the action to a judge, other than the Honorable Gregg W. Zive. *See Aldridge v. Zive,* No. CV–N–02–0305, Order at 1 (D. Nev. June 3, 2002); *see also Aldridge v. First Nationwide Mortgage Corp.,* No. CV–N–02–0363, Order at 6 (D.Nev. Nov. 4, 2002). On June 4, 2002, the Honorable Howard D. McKibben of the United States District Court for the District of Nevada dismissed Plaintiff's Petition for Writ of Mandamus. *See Aldridge v. Zive,* No. CV–N–02–0305, Order at 2–3 (D. Nev. June 3, 2002) (holding that Plaintiff was not allowed to relitigate the foreclosure of the Property because that issue was already "decided adversely to [Plaintiff] in a state court proceeding.").

On July 3, 2002, Plaintiff filed suit in the United States District Court for the District of Nevada alleging that: 1) FNMC committed fraud and failed to reconvey a note and deed of trust upon full payment and discharge of the mortgage contract; 2) counsel for FNMC in *First Nationwide Mortgage Corp. v. Aldridge,* No. CI–14333, fraudulently filed a state court suit to foreclose on the Property; 3) the Honorable David Huff improperly granted summary judgment for FNMC;[3] 4) Stewart Title Company of Northern Nevada and Phillip Frink, an employee thereof, engaged in slander by publishing fraudulent documents in two newspapers in connection with the foreclosure of the Property; and 5) the Honorable Gregg W. Zive of the United States Bankruptcy Court for the District of Nevada ordered the Bankruptcy Petition to be dismissed without

---

the Honorable David Huff of the Third Judicial District of the State of Nevada entered a judgment for FNMC, ordering that the nonjudicial foreclosure of the Property could proceed. *See First Nationwide Mortgage Corp. v. Aldridge,* No. CI–14333, Order at 1 (3rd Jud. Dist.Nev. Dec. 14, 2001). The foreclosure sale took place on July 2, 2002. *See Aldridge v. First Nationwide Mortgage Corp.,* No. CV–N–02–0363, Order at 6 (D.Nev. Nov. 4, 2002). After the foreclosure sale, the VA

posted a notice on the Property stating, "This property is now owned by the Department of Veterans Affairs (VA)." *Id.*

3. The Honorable David Huff entered the judgment in *First Nationwide Mortgage Corp. v. Aldridge,* CI–14333 (3rd Jud. Dist.Nev.2001). *Supra* note 2.

requiring proof, thus wrongfully denying Plaintiff the protection of that court. *See Aldridge v. First Nationwide Mortgage Corp.*, No. CV–N–02–0363, Order at 7–8 (D.Nev. Nov. 4, 2002). The Complaint requested $86 million in damages. *See Aldridge v. First Nationwide Mortgage Corp.*, No. CV–N–02–0363, Complaint at 6–7 (D.Nev. July 3, 2002).

On November 4, 2002, the Honorable Justin L. Quackenbush of the United States District Court for the District of Nevada dismissed the July 3, 2002 Complaint on the basis of judicial immunity (regarding claims against the Honorable Gregg W. Zive of the United States Bankruptcy Court for the District of Nevada) and lack of subject matter jurisdiction (remaining claims). *See Aldridge v. First Nationwide Mortgage Corp.*, No. CV–N–02–0363, Order at 10, 12 (D.Nev. Nov. 4, 2002). Although a Motion for Rule 11 Sanctions was denied, the United States District Court for the District of Nevada ordered Plaintiff to show cause why Rule 11 sanctions should not be imposed. *Id.* at 14. And, that federal trial court subsequently imposed monetary sanctions on Plaintiff for filing a frivolous lawsuit solely to harass defendants. *See Aldridge v. First Nationwide Mortgage Corp.*, No. CV–N–02–0363, Order at 2 (D.Nev. Dec. 16, 2002)

On July 10, 2002, following the posted eviction notice, Plaintiff filed suit in the United States District Court for the District of Nevada against the VA alleging that the posting of a fraudulent document by Jerry Pringle, the agent named on the eviction notice, willfully inflicted mental pain and anguish on Plaintiff. *See Aldridge v. Pringle*, No. CV–N–02–0370, Complaint at 4 (D.Nev. July 10, 2002). In that case, Plaintiff requested $21 million from the VA and $5 million from Mr. Pringle. *Id.* On November 8, 2003, the Honorable Howard D. McKibben of the United States District Court for the District of Nevada dismissed the suit because of Plaintiff's failure to respond to Defendant's Motion for Summary Judgment. *See Aldridge v. Prin-*

*gle*, No. CV–N–02–0370, Order at 1 (D.Nev. Jan. 8, 2003).

On September 19, 2003, Plaintiff filed suit in the United States District Court for the District of Nevada for $21 million against the VA alleging advancing a counterfeit title; against Wilde for alleging filing an unsupported suit, unlawfully using the identity of and slandering Plaintiff, and advancing a counterfeit document; and against agent Robert Bennett, the Justice of the Peace who presided over the eviction proceedings, for alleging unlawful use of identity and unlawful termination of property rights. *See Aldridge v. United States Dep't of Veterans Affairs*, No. CV–N–03–0509, Complaint at 3–5 (D.Nev. Sept. 19, 2003). Judge McKibben also dismissed this action for failure to respond in a timely fashion to a motion. *See Aldridge v. United States Dep't of Veterans Affairs*, No. CV–N–03–0509, Order at 1 (D.Nev. Mar. 4, 2004).

On January 12, 2004, Plaintiff filed another suit in the United States District Court for the District of Nevada against the VA, Wilde and the Honorable Robert Estes[4] for quiet title to the Property. *See Aldridge v. United States Dep't of Veterans Affairs*, No. CV–N–04–0016, Complaint at 3–4 (D.Nev. Jan. 12, 2004). The Complaint alleged that Judge Estes was "employed by Defendant Wilde to use the color and power of his office to intimidate and harass Plaintiff." *Id.* at 2. The Complaint also alleged that each of the defendants claimed an interest in the Property contrary to the Lyon County Recorder's Office records and that any such interest should be voided. *Id.* at 3. On June 21, 2004, Judge McKibben dismissed these claims on collateral estoppel and *res judicata* grounds. *See Aldridge v. United States Dep't of Veterans Affairs*, No. CV–N–04–0016, Order at 2–6 (D. Nev. June 21, 2004). That Order also warned Plaintiff that if he continued to file "frivolous lawsuits on issues or claims regarding ownership and interest to the subject property that have been previously decided and which have no basis in law or fact,

---

4. Judge Estes is a Magistrate Judge in the Third Judicial District of Nevada, where *First Nationwide Mortgage Corp. v. Aldridge*, CI–14333 (3rd Jud. Dist.Nev.2001) was adjudicated. It is not clear from the record how Judge Estes was involved with that action.

sanctions will be imposed pursuant to FED. R. CIV. P. 11(c)." *Id.* at 6.

Nevertheless, on February 5, 2005, Plaintiff filed suit in the United States District Court for the District of Nevada against FNMC and CitiMortgage, the company that purchased FNMC, alleging: 1) execution of an unconscionable contract; 2) theft and unlawful use of Plaintiff's identity in the Notice of Default and Intent to Sell; 3) falsifying a public record regarding the improper recording of title documents; and 4) libel for slandering Plaintiff's name in the public record. *See Aldridge v. First Nationwide Mortgage Corp.*, No. CV–N–05–0134, Complaint at 2–4 (D.Nev. Feb. 5, 2005). Plaintiff demanded $5 million for each claim, for a total of $20 million. *Id.* at 4–5. On April 22, 2005, the Honorable Larry R. Hicks dismissed the suit without prejudice on procedural grounds after Plaintiff failed to pay the court filing fee and properly file an application to proceed *in forma pauperis. See Aldridge v. First Nationwide Mortgage Corp.*, No. CV–N–05–0134, Order at 1 (D.Nev. Apr. 22, 2005).

### C. Related Cases Filed In The Unites States Court of Federal Claims.

On April 7, 2003, Plaintiff filed a case in the United States Court of Federal Claims alleging that the Honorable Gregg W. Zive of the United States Bankruptcy Court for the District of Nevada interfered with the termination of a contract and arbitrarily dismissed Plaintiff's Bankruptcy Petition. *See Aldridge v. United States*, No. 03–CV–0842, Complaint at 5 (Fed.Cl. Apr. 7, 2003). Damages of $5 million were sought. The Honorable Robert H. Hodges Jr. dismissed the suit for lack of subject matter jurisdiction and failure to state a claim. *See Aldridge v. United States*, No. 03–CV–0842, Order at 1 (Fed.Cl. Apr. 30, 2003).

On August 4, 2003, Plaintiff filed a second case in the United States Court of Federal Claims alleging breach of contract by a judicial officer and denial of a remedy by a judicial officer, following judgment by the Honorable Howard D. McKibben of the United States District Court for the District of Nevada in favor of the defendant in *Aldridge v. Pringle*, No. CV–N–02–0370. *See Aldridge v. United States*, No. 03–CV–1922, Complaint at 4–5 (Fed.Cl. Aug. 4, 2003). The Complaint requested $5 million for Judge Howard D. McKibben's decision and $26 million for the original suit. *Id.* The Honorable Diane G. Sypolt dismissed the suit for lack of subject matter jurisdiction and failure to comply with the rules and orders of the court. *See Aldridge v. United States*, No. 03–CV–1922, Order at 1 (Fed.Cl. Dec. 30, 2003).

On August 4, 2003, Plaintiff filed a third case in the United States Court of Federal Claims alleging breach of contract by a judicial officer and denial of a remedy by a judicial officer, following judgment by the Honorable Justin L. Quackenbush of the United States District Court for the District of Nevada in favor of the defendant in *Aldridge v. First Nationwide Mortgage Corp.*, No. CV–N–02–0363. *See Aldridge v. United States*, No. 03–CV–1923, Complaint at 5 (Fed.Cl. Aug. 4, 2003). Damages of $5 million were requested regarding Judge Quackenbush's decision and $86 million for the original suit. *Id.* at 5–6. The Honorable Emily C. Hewitt dismissed the suit for lack of subject matter jurisdiction. *See Aldridge v. United States*, No. 03–CV–1923, Order at 1. (Fed.Cl. Oct. 2, 2003).

On April 30, 2004, Plaintiff filed a fourth case in the United States Court of Federal Claims, after the Administrative Office of the United States Courts (hereinafter "AO") denied a tort claim filed May 1, 2004. *See Aldridge v. United States*, No. 04–CV–1505, Complaint at 2 (Fed.Cl. Apr. 30, 2004). Plaintiff alleged breach of contract and fraud because the Honorable Howard D. McKibben of the United States District Court for the District of Nevada did not afford Plaintiff a "proper remedy" by dismissing *Aldridge v. United States Dep't of Veterans Affairs*, No. CV–N–03–0509. *See Aldridge v. United States*, No. 04–CV–1505, Complaint at 6–7 (Fed.Cl. Apr. 30, 2004). Plaintiff requested $5 million for each claim, for a total of $10 million. *Id.* at 7. The Honorable Lawrence J. Block dismissed the action for lack of subject matter jurisdiction. *See Aldridge v. United States*, No. 04–CV–1505, Order at 1 (Fed.Cl. Sept. 29, 2004).

**D. Other Actions Filed In The United States Court Of Federal Claims.**

On December 21, 2004, Plaintiff filed a fifth case in the United States Court of Federal Claims alleging fraud and identity and credit card theft by an employee of the United States Passport Office in San Francisco, California. *See Aldridge v. United States,* No. 04–CV–1793, Complaint at 5–6 (Fed.Cl. Dec. 21, 2004). The fraud claim was based on Plaintiff's payment of $145.00 for a passport and the Passport Office accepting the payment "without any intention of issuing a valid passport." *Id.* at 7. The identity theft claim was premised on the use of Plaintiff's name in an "unauthorized form and manner by changing the name Ernest Charles Aldridge to ERNEST CHARLES ALDRIDGE, contrary to the information on the application for a passport and to cause an issued passport to be invalid." *Id.* at 7–8. The credit card theft was based on the employee transcribing the credit card number and expiration date onto the application for the passport. *Id.* at 8. The Complaint requested $30 million. *Id.* at 8. The Honorable Mary Ellen Coster Williams dismissed the suit for lack of subject matter jurisdiction. *See Aldridge v. United States,* No. 04–CV–1793, Order at 3–4 (Fed.Cl. May 12, 2005).

On February 7, 2005 Plaintiff filed a sixth case in the United States Court of Federal Claims alleging improper denial of access to the United States District Court for the District of Nevada on August 21, 2003 by the same two United States Marshals implicated in *Aldridge v. United States,* No. 04–CV–0795. *See Aldridge v. United States,* No. 05–CV–0196, Complaint at 5–6 (Fed.Cl. Feb. 7, 2005). The Complaint asserted that the claims sounded in tort rather than in contract to avoid a dismissal similar to that in *Aldridge v. United States,* No. 04–CV–0795, based upon lack of jurisdiction over Federal Tort Claims Act actions. *Id.* at 2. The Complaint requested $10 million. *Id.* at 7. The Honorable Loren A. Smith dismissed the suit for lack of subject matter jurisdiction. *See Aldridge v. United States,* No. 05–CV–0196, Order at 2 (Fed. Cl. June 10, 2005).

On May 6, 2004, Plaintiff filed a seventh case alleging improper denial of access to the United States District Court for the District of Nevada on August 21, 2003 by two United States Marshals. *See Aldridge v. United States,* No. 04–CV–0795, Complaint at 5–6 (Fed.Cl. May 6, 2004). The Complaint requested $10 million. *Id.* at 7. The Honorable George W. Miller dismissed the suit for lack of subject matter jurisdiction. *See Aldridge v. United States,* No. 04–CV–0795, Order at 3 (Fed.Cl. Sept. 30, 2004).

**E. Procedural Background Of Current Case In The United States Court Of Federal Claims.**

On July 29, 2004, Plaintiff filed this action in the United States Court of Federal Claims. *See* Compl. at 1–2. The claims asserted therein essentially are the same claims as those in the VA claim. *See* Compl. Ex. 2 at 5–6. The Complaint requested damages of $30 million. *Id.* On October 22, 2004, Plaintiff filed for Summary Judgment, pursuant to RCFC 56(c). *See* Pl. Mot. for S.J. at 1–2. On November 16, 2004, Plaintiff filed Proposed Findings of Uncontroverted Fact.

On December 14, 2004, Defendant (hereinafter "the Government") filed a Motion to Dismiss for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1), or in the alternative, for failure to state a claim upon which relief may be granted, pursuant to RCFC 12(b)(6). *See* Gov't Mot. to Dismiss and Resp. to Pl. Mot for S.J. at 1. The same filing contained a Motion to Strike Plaintiff's Proposed Findings of Uncontroverted Fact. *Id.* at 1, 8.

On May 11, 2005, Plaintiff filed a Motion for Consideration requesting 1.5% interest per month on the face value of the claim "in consideration for the vexatious delays in settling this matter." Pl. Mot. for Cons.of Mot. for S.J. at 2. On May 27, 2005, Plaintiff filed a Notice and Demand for Payment of Principal and Interest of a Liquidated Claim, that repeated the request for 1.5% interest and "demand[ed] that this court perform the duty imposed upon it by Congress and summarily issue and execute judgment upon this claim[.]"

## DISCUSSION

### A. The Pleading Requirements For *Pro Se* Plaintiff.

Traditionally, a *pro se* plaintiff's pleadings have been held to a less stringent standard than a litigant represented by counsel. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). Indeed, it has long been the traditional role of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States,* 188 Ct.Cl. 456, 468, 412 F.2d 1285 (1969). Plaintiff has been the beneficiary of this policy on eight occasions.

### B. Jurisdiction.

#### 1. Jurisdictional Limit Of The United States Court Of Federal Claims.

The Tucker Act, 28 U.S.C. § 1491(a)(1), authorizes the court to render judgment and money damages on any claim against the United States based on: the United States Constitution; an Act of Congress; a regulation of an executive department; or an express or implied contract with the United States. *See United States v. Testan,* 424 U.S. 392, 397–98, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The United States Supreme Court, however, has held that the Tucker Act does not create any substantive right for monetary damages in *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Instead, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages in order for the court to have jurisdiction. *See Khan v. United States,* 201 F.3d 1375, 1377 (Fed.Cir.2000).

In *United States v. Mitchell,* 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (*"Mitchell II"*), the United States Supreme Court held that, for jurisdictional purposes, a statute or regulation is money-mandating only if it "can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties it imposed." *Id.* at 217, 103 S.Ct. 2961. The United States Supreme Court revisited

*Mitchell II's* "fair interpretation" rule in *United States v. White Mountain Apache Tribe,* 537 U.S. 465, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003), wherein the Court explained that:

> This "fair interpretation" rule demands a showing demonstrably lower than the standard for the initial waiver of sovereign immunity.... It is enough, then, that a statute creating a Tucker Act right be reasonably amenable to the reading that it mandates a right of recovery in damages. While the premise to a Tucker Act claim will not be "lightly inferred," a fair inference will do.

*Id.* at 472–73, 123 S.Ct. 1126 (internal citations omitted).

The United States Court of Appeals for the Federal Circuit held in *Fisher v. United States,* 364 F.3d 1372 (Fed.Cir.2004) that *White Mountain* revised *Mitchell II's* "fair interpretation" rule so that "when a Tucker Act plaintiff makes a non-frivolous allegation that a particular statute is reasonably amenable, with fair inferences drawn, to a reading that it mandates money damages, a basis for jurisdiction is stated."

*Fisher,* 364 F.3d at 1377.

Our appellate court further held in *Fisher* that:

> [T]he process by which a plaintiff undertakes the required jurisdictional showing ordinarily will occur in the context of the initial pleading, a well-pleaded, non-frivolous complaint.... [I]f the trial court adjudges that plaintiff does not have a money-mandating source that meets even the new low-threshold jurisdictional test, a dismissal under Rule 12(b)(1) for lack of jurisdiction is appropriate, and that is the end of the matter[.]

*Id.* at 1378.

#### 2. Standard For Decision On A Motion To Dismiss For Lack Of Subject Matter Jurisdiction.

In ruling on a motion to dismiss for lack of subject matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Folden v. United States,* 379

F.3d 1344, 1354 (Fed.Cir.2004)(citing *Shearin v. United States*, 992 F.2d 1195, 1195–96 (Fed.Cir.1993)); *see also* RCFC 12(b)(1). Contrary to Plaintiff's argument, assuming allegations to assess a motion to dismiss does not mean that the allegations are deemed admitted by the Government or subsequently considered to be fact in reference to the case as a whole. *See* Pl.'s Resp. to Mot. to Dismiss at 4.

As the non-moving party, Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Awad v. United States*, 301 F.3d 1367, 1375 (Fed.Cir. 2001)("A party seeking the exercise of jurisdiction in its favor has the burden of establishing that such jurisdiction exists.")(quoting *Rocovich v. United States*, 933 F.2d 991, 993 (Fed.Cir.1991)). The Complaint alleged that jurisdiction in the United States Court of Federal Claims is proper pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and 28 U.S.C. § 1346(b).[5] *See* Compl. at 1.

### 3. The United States Court Of Federal Claims Does Not Have Jurisdiction To Adjudicate Plaintiff's Claims In This Case.

■ The Complaint improperly alleges jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* as well as 28 U.S.C. § 1346(b), since both statutes clearly state that jurisdiction over claims alleged pursuant to such statutes is only proper in a United States District Court and not the United States Court of Federal Claims. The court, however, has thoroughly examined Plaintiff's pleadings to ensure that jurisdiction is not proper in some other respect.

The first of the July 29, 2004 Complaint's three claims in this case alleges intentional fraud by Wilde, who at the time of the alleged conduct, was an independent contrac-

tor for the VA. *See* Compl. Ex. 2 at 5. Fraud, however, is a tort claim. The Tucker Act provides that "the United States Court of Federal Claims [has] jurisdiction to render judgment upon any claim against the United States … in cases *not sounding in tort*." 28 U.S.C. § 1491(a)(1) (emphasis added); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed.Cir.1997) (citing *Keene v. United States*, 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993)) (stating that plaintiff's "tort actions brought in other courts were beyond the jurisdiction of the Court of Claims, just as tort cases are outside the jurisdiction of the Court of Federal Claims today.").

The second claim alleges identity theft and misuse by Wilde. *See* Compl. Ex. 2 at 5. Identity theft is also a tort. *See Am. States Ins. Co. v. Capital Associates of Jackson County, Inc.*, 392 F.3d 939, 941–42 (7th Cir. 2004) (Easterbrook J.) (citing *Leopold v. Levin*, 45 Ill.2d 434, 259 N.E.2d 250 (1970)) (holding that identity misappropriation is a tort); *see generally* RESTATEMENT OF TORTS § 652 A(1) (1977) ("One who invades the right to privacy of another is subject to liability for the resulting harm to the interests of the other."). Therefore the United States Court of Federal Claims does not have jurisdiction over this claim. ·

The third claim alleges that Wilde slandered Plaintiff's name and title to the Property. *See* Compl. Ex. 2 at 5–6. Slander is also a tort. *See Regents of Univ. of New Mexico v. Knight*, 321 F.3d 1111, 1116 (Fed. Cir.2003) (listing slander among several other tort actions); *see also TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 468, 113 S.Ct. 2711, 125 L.Ed.2d 366 (1993) (discussing the intentional tort of slander of title). Thus, the United States Court of Federal Claims does not have jurisdiction over the this claim.

---

**5.** Section 1346(b)(1) provides:

Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property,

or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

If the tort claims in this case had arisen from a contract between Plaintiff and the Government, the United States Court of Federal Claims would have jurisdiction based on the inherently contractual nature of the claims. *See Awad v. United States,* 301 F.3d 1367, 1372 (Fed.Cir.2002) ("It is well established that where a tort claim stems from a breach of contract, the cause of action is ultimately one arising in contract, and thus is properly within the exclusive jurisdiction of the United States Court of Federal Claims to the extent that damages exceed $10,000."). In this case, however, the July 29, 2004 Complaint alleged no contract with the Government.

## C. Transfer Of The Case To A United States District Court Is Not In The Public Interest Because Plaintiff's Claims Would Be Barred By The Doctrine Of Collateral Estoppel.

█ When the United States Court of Federal Claims dismisses a suit for lack of jurisdiction, the court is obligated to determine whether the case should be transferred to another court that may have jurisdiction over the claims. *See* 28 U.S.C. § 1631; *see also Texas Peanut Farmers v. United States,* 409 F.3d 1370, 1371 (Fed.Cir.2005) ("Although we concur in the [United States Court of Federal Claims'] jurisdictional holding, the question that remains is whether the trial court should have, in the interest of justice, transferred this case."); *Tennessee Valley Auth. v. United States,* 13 Cl.Ct. 692, 696 (1987) ("[O]nce a court determines that jurisdiction is wanting, the only remaining inquiries are whether case at the time it was filed could have been brought in the transferee court and whether transfer is in interest of justice. Neither of these statutory criteria requires that a court delve into the merits of a claim.").

█ Plaintiff would be precluded from alleging similar claims against the VA and Wilde individually in either a United States District Court or Nevada state court under the doctrine of collateral estoppel. Under that doctrine, also known as issue preclusion, judgment on the merits in a prior suit precludes a party from relitigating issues actual-ly litigated and determined in the prior suit. *See Innovad Inc. v. Microsoft Corp.,* 260 F.3d 1326, 1334 (Fed.Cir.2001). The intent of this doctrine is to protect litigants from the burden of relitigating a decided issue and promoting judicial economy. *See Stearn v. Dep't of the Navy,* 280 F.3d 1376, 1380 (Fed. Cir.2002) (citing *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)).

█ The doctrine of collateral estoppel requires that: 1) the issues in the present claim and previous suit were identical; 2) those issues were actually litigated in the prior suit; 3) resolution of those issues was necessary to the resulting judgment; and 4) the plaintiff was afforded a full and fair opportunity to litigate their position. *See Ammex, Inc. v. United States,* 384 F.3d 1368, 1371 (Fed.Cir.2004); *see also Univ. of Nevada v. Tarkanian,* 110 Nev. 581, 879 P.2d 1180, 1191 (discussing use of claim preclusion by the Supreme Court of Nevada). Issue preclusion does not require the same defendant between the prior suit and the present suit. *See Innovad Inc.,* 260 F.3d at 1334.

### 1. The Issues Are Identical Between The Present Suit and Previous Suits.

█ In previous suits against the VA and Wilde filed in the United States District Court for the District of Nevada, Plaintiff stated claims raising issues identical to those raised in the present action. *See Aldridge v. United States Dep't of Veterans Affairs,* No. CV–N–04–0016 (D.Nev. Jan. 12, 2004); *see also Aldridge v. United States Dep't of Veterans Affairs,* No. CV–N–03–0509 (D.Nev. Sept. 19, 2003); *Aldridge v. Pringle,* No. CV–N–02–0370 (D.Nev. July 10, 2002).

Although Plaintiff did not use the terms "fraud" and "identity theft" in the earlier Complaints, all the relevant issues were encompassed therein.

### 2. The Issues Were Actually Litigated In Previous Suits.

The requirement that an issue actually be litigated is satisfied if the parties disputed the issue and the trier of fact decided it. *See In re Freeman,* 30 F.3d 1459, 1466 (Fed.Cir. 1994). The Honorable Howard D. McKibben

of the United States District Court for the District of Nevada dismissed two of Plaintiff's prior suits for failure to prosecute. *See Aldridge v. United States Dep't of Veterans Affairs,* No. CV–N–03–0509, Order at 1 (D.Nev. Mar. 4, 2004); *Aldridge v. Pringle,* No. CV–N–02–0370, Order at 1 (D.Nev. Jan. 8, 2003). Judge McKibben's dismissal orders were final judgments on the merits. *See Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 228, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal ... for failure to prosecute: as a judgment on the merits."); *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). More importantly, in *Aldridge v. United States Dep't of Veterans Affairs,* No. CV–N–04–0016 (D.Nev. Jan. 12, 2004), Judge McKibben specifically dismissed Plaintiff's claims against the VA and Wilde on collateral estoppel and *res judicata* grounds. *See Aldridge v. United States Dep't of Veterans Affairs,* No. CV–N–03–0509, Order at 2–6 (D. Nev. June 21, 2004). Therefore, the issues in this case have been litigated in previous suits.

### 3. Resolution Of The Issues Was Necessary To Judgment In The Previous Suits.

The resolution of issues necessary to judgment prevents "the incidental or collateral determination of a nonessential issue from precluding reconsideration of that issue in later litigation." *See In re Freeman,* 30 F.3d at 1466 (citing *Mother's Rest. Inc. v. Mama's Pizza, Inc.,* 723 F.2d 1566, 1569 (Fed.Cir. 1983)); *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. j ("The appropriate question, then, is whether the issue was actually recognized by the parties as important and by the trier as necessary to the first judgment."). The issues determined on the merits in prior suits were not nonessential, but essentially identical to Plaintiff's Complaint in this case. For that reason, resolution of the issues currently before the court was necessary to judgment in the prior suits.

### 4. Plaintiff Received A Full And Fair Opportunity To Litigate.

Relitigation of issues may be warranted if there is reason to doubt the quality, extensiveness or fairness of the prior litigation. *See In re Freeman,* 30 F.3d at 1467 (citing *Montana v. United States,* 440 U.S. 147, 164 & n. 11, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). In this case, however, there is no reason to doubt the quality, extensive, or fairness of the proceeding in the United States District Court for the District of Nevada regarding the issues raised herein. As evidenced by the procedural history, Plaintiff has filed numerous suits based on the same set of facts arising from his eviction from the Property. The complaints in the prior suits were dismissed for failure to prosecute or under the doctrine of collateral estoppel. *See Aldridge v. United States Dep't of Veterans Affairs,* No. CV–N–03–0509, Order at 1 (D.Nev. Mar. 4, 2004); *see also Aldridge v. Pringle,* No. CV–N–02–0370, Order at 1 (D.Nev. Jan. 8, 2003); *Aldridge v. United States Dep't of Veterans Affairs,* No. CV–N–0016, Order at 2–6 (D. Nev. June 21, 2004). Plaintiff did not appeal those dismissals and thus received a full, fair, and final opportunity to litigate. Therefore, Plaintiff would be collaterally estopped from relitigating issues regarding the impropriety of actions by the VA and Wilde relating to Plaintiff's eviction from the Property.

### D. Sanctions.

Rule 11(b) of the Rules of the United States Court of Federal Claims Court (hereinafter "RCFC") provides that by filing a pleading with the court, an attorney or unrepresented party is certifying that, to the best of the filer's knowledge and after an inquiry "reasonable under the circumstances":

(1) [the filing] is not being presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument

for the extension, modification, or reversal of existing law or the establishment of new law.

RCFC 11(b)(1)-(b)(2).

 The United States Court of Appeals for the Federal Circuit has held that decisions concerning Federal Rules of Civil Procedure are applicable to RCFC 11. *See Judin v. United States*, 110 F.3d 780, 784 (Fed.Cir.1997). The purpose of sanctions under RCFC Rule 11 is to deter baseless filings and streamline the administration of the courts. *Id.* (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (applying FED. R. CIV. P. 11)). Plaintiff's *pro se* status does not preclude the issuance of sanctions for a frivolous filing. *See Constant v. United States*, 929 F.2d 654, 658 (Fed.Cir.1991)(Michel, J.). Although federal courts should exercise caution before imposing sanctions on *pro se* plaintiffs, a court may impose sanctions when "even a non-lawyer should have been aware that his conduct was frivolous." *Id.* (citing *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1582 (Fed.Cir.1991)).

In *Aldridge v. First Nationwide Mortgage Corp.*, No. CV–N–02–0363, the Honorable Howard D. McKibben of the United States District Court for the District of Nevada ordered Plaintiff to show cause why sanctions should not be imposed after stating that "[t]his court is left with the clear impression that [Plaintiff] has brought this action simply to harass the [d]efendants." *Aldridge v. First Nationwide Mortgage Corp.*, No. CV–N–02–0363, Order at 14 (D.Nev. Nov. 4, 2002). After Plaintiff failed to respond, Judge Howard D. McKibben imposed monetary sanctions requiring Plaintiff to pay attorney's fees of $2,895.00 for filing a frivolous lawsuit solely to harass the defendants. *See Aldridge v. First Nationwide Mortgage Corp.*, No. CV–N–02–0363, Order at 2 (D.Nev. Dec. 16, 2002).

In *Aldridge v. United States Dep't of Veterans Affairs*, No. CV–N–04–0016, Judge McKibben did not sanction Plaintiff, but warned: "Should [Plaintiff] continue to file frivolous lawsuits on issues or claims regarding ownership and interest to the subject property that have been previously decided and which have not basis in law or fact, sanctions will be imposed pursuant to FED. R. CIV. P. 11(c)." *Aldridge v. United States Dep't of Veterans Affairs*, No. CV–N–04–0016, Order at 6 (D. Nev. June 21, 2004).

 In light of Plaintiff's history of litigating issues concerning and derivative from his eviction from the Property, as well as previous sanctions and explicit warnings against frivolous filings by a sister federal trial court, the court has determined that Plaintiff was or should have been aware that the present action was frivolous. *See Constant*, 929 F.2d at 658 ("Given the long history of litigation and relitigation of the same issues, we can only conclude that [appellant] by this time is certainly not without some practical experience with the law.").

RCFC 11(c)(2) authorizes the court to impose sanctions "what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Among other options, the court may issue "directives of a nonmonetary nature." RCFC 11(c)(2). In an effort to limit Plaintiff's ability to file additional repetitive and frivolous lawsuits, Plaintiff is ORDERED to refrain from filing any action in the United States Court of Federal Claims related to Plaintiff's eviction from the Property. In addition, the Clerk of the United States Court of Federal Claims is directed to accept no other filing from Plaintiff, without an order of the court approving the filing. *See Constant*, 929 F.2d at 659; *see also Fuselier v. United States*, 63 Fed.Cl. 8, 12 (Fed.Cl.2004) (Block J.); *Hornback v. United States*, 62 Fed.Cl. 1, 6 (Fed.Cl.2004) (Hewitt J.).

## CONCLUSION

For the reasons set forth herein, the United States Court of Federal Claims does not have jurisdiction to adjudicate the tort claims asserted by the July 29, 2004 Complaint in this action. Therefore, Plaintiff's October 22, 2004 Motion for Summary Judgment is DENIED. Defendant's December 14, 2004 Motion to Dismiss is GRANTED. Accordingly, the Government's December 14, 2004 Motion to Strike Plaintiff's Proposed Findings of Controverted Fact, Plaintiff's May 11, 2005

Motion for Consideration of Motion for Summary Judgment, and Plaintiff's May 27, 2005 Notice and Demand for Payment of Principal and Interest for a Liquidated Claim are moot.

Plaintiff is further ORDERED to cease filing any further action related to Plaintiff's eviction from the Property in the United States Court of Federal Claims.

The Clerk of the Court is directed to accept no filing from Plaintiff, without an Order of the court approving the filing.

The Clerk is ORDERED to dismiss the July 29, 2004 Complaint, with prejudice.

**IT IS SO ORDERED.**