# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * *
                                *
MARK JOSEPH HILLS TANZER,       *
                                *
               Plaintiff,       *          No. 12-543C
                                *
       v.                       *          (Filed: May 15, 2013)
                                *
THE UNITED STATES,              *
                                *
               Defendant.       *
                                *
* * * * * * * * * * * * * * * * *
```

## ORDER

This matter comes before the Court on defendant's Motion to Dismiss, filed October 26, 2012. The Court finds that it lacks subject-matter jurisdiction because plaintiff's claims sound in tort, are not founded on money-mandating sources, and fail to allege any action by the United States. Thus, the Court grants defendant's motion.

## I. BACKGROUND

Plaintiff Mark Tanzer is *pro se*. In his October 1, 2012 Amended Complaint, he alleges that he was falsely accused of sexually assaulting his ex-girlfriend and falsely imprisoned. He alleges that while at the Eyman Arizona State Prison Complex, run by the Arizona Department of Corrections, Corrections Officer "Romero" threatened to "set [plaintiff] up" and "ruin[]" his life, and that plaintiff was then "Profiled" on "'Nationwide Broadcast' sattelite [sic] -cable-tv- 'digital '(virtual reality Neuro) technologies. . . ." (Amended Compl. ¶¶ 2, 6.) He alleges that inmates and the public were told that he is a sex offender and to rape, assault, murder, and steal from him. He further alleges that he named SMARt Phone Technology in 2009, and that his SMARt Phone Technology was taken for public use without just compensation. Based on these and other allegations, plaintiff asserts claims for invasion of privacy, cruel and unusual punishment, false imprisonment, criminal conspiracy, identity theft, fraud, loss of limb, slander, defamation, libel, loss of family, and violations of the Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution. He states that jurisdiction is

proper under 28 U.S.C. § 1331[1] and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Defendant United States moves to dismiss under RCFC 12(b)(1), arguing that the Court lacks subject-matter jurisdiction because plaintiff's claims sound in tort, are not founded on money-mandating sources, and fail to allege any unlawful action by the United States. Plaintiff's response to defendant's motion was initially due by November 26, 2012, but in its December 18, 2012 Order, the Court noted that plaintiff had been unable to receive his mail and ordered plaintiff to file a response by February 19, 2013. In that Order, the Court stated that if it did not receive plaintiff's response by February 19, 2013, it would rule on defendant's motion without it. The Court has not received plaintiff's response. Thus, the Court now rules on defendant's motion without plaintiff's response.

## II. STANDARD FOR DISMISSAL UNDER RCFC 12(b)(1)

RCFC 12(b)(1) allows a party to move to dismiss a claim for lack of subject-matter jurisdiction. In determining whether there is subject-matter jurisdiction, the Court must take the allegations in the complaint as true and decide on the face of the pleadings. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). While the Court holds *pro se* litigants to less stringent standards, this does not relieve them from the burden of meeting jurisdictional requirements. *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).

## III. ANALYSIS

This Court is a court of limited jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). It may only hear claims against the United States not sounding in tort that are founded on a contract with the United States or on a Constitutional provision, federal statute, or federal regulation that requires the United States to pay money damages for a violation – a "money-mandating source." 28 U.S.C. § 1491(a)(1);[2] *Ferreiro v. United States*, 501 F.3d 1349, 1351-1352 (Fed. Cir. 2007); *Brown*, 105 F.3d at 623.

Here, the majority of plaintiff's claims sound in tort and are not founded on money-mandating sources. *See Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (the Court

---

[1]    28 U.S.C. § 1331 provides:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

[2]    28 U.S.C. § 1491(a)(1) provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. . . .

of Federal Claims lacked subject-matter jurisdiction over plaintiff's claims that the Federal Bureau of Prisons failed to provide him with medications because his claims sounded in tort or were based on the Eighth Amendment, which is not a money-mandating source); *Smith v. United States*, 36 Fed. Appx. 444, 446 (Fed. Cir. 2002) (the Court of Federal Claims lacks jurisdiction over claims brought under the Fourth Amendment, the Due Process Clauses of the Fifth and Fourteenth Amendments, and the Sixth and Thirteenth Amendments); *Aldridge v. United States*, 67 Fed. Cl. 113, 120 (2005) (the Court lacks jurisdiction over fraud, identity theft, and slander claims).

Plaintiff does allege that his SMARt Phone Technology was taken for public use without just compensation, and the Court does have jurisdiction over claims founded on the Takings Clause of the Fifth Amendment. *Taylor v. United States*, 2008 U.S. Claims LEXIS 462, at *18 (October 29, 2008). However, as with all of plaintiff's claims, plaintiff fails to allege any action by the United States. Throughout his Amended Complaint, he only specifically alleges actions by Arizona Corrections Officer Romero, and his SMARt Phone Technology claim does not allege who took the technology or how. *See Taylor*, 2008 U.S. Claims LEXIS 462, at *27-29 (dismissing takings claim for lack of jurisdiction where plaintiff's allegations implicated only state and not federal action); *Fullard v. United States*, 78 Fed. Cl. 294, 300 (2007) (A plaintiff cannot invoke jurisdiction by "merely naming the United States as the defendant in the caption of the complaint but failing to assert any substantive claims against [it]."); *see also* RCFC 8(a) (A pleading stating a claim for relief must contain a short and plain statement of the grounds for the Court's jurisdiction and a short and plain statement of the claim showing that the pleader is entitled to relief); *Federico v. United States*, 70 Fed. Cl. 378, 381 (2006) (a complaint must be "well-pleaded in that it must state the necessary elements of the plaintiff's claim . . . ." (quoting *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997))).

Nor does 28 U.S.C. § 1331 or *Bivens* create jurisdiction. Section 1331 confers jurisdiction on "district courts," not this Court. *Fry v. United States*, 72 Fed. Cl. 500, 504-505 (2006). And this Court lacks jurisdiction over *Bivens* claims against individual federal officials because such claims are not "against the United States." 28 U.S.C. § 1491(a)(1); *Brown*, 105 F.3d at 624. Thus, the Court lacks subject-matter jurisdiction and must dismiss plaintiff's suit.

## IV. CONCLUSION

The Court grants defendant's Motion to Dismiss, and the Clerk shall dismiss the Amended Complaint. The parties shall bear their own costs.

_____
LAWRENCE S. MARGOLIS
Senior Judge, U.S. Court of Federal Claims